UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

                MEMORANDUM AND ORDER

      Plaintiff,               10 Cr. 0701 (ILG)

    - against -

CHRISTIAN AMAUKWU, et al.

      Defendants.
-------------------------------------------------------x
GLASSER, Senior United States District Judge:

On May 10, 2011, defendant Christian Amaukwu ("defendant") pleaded guilty to a two count indictment for Conspiracy to Commit Wire Fraud and Aggravated Identity Theft. Pleading Tr. at 12-17. On July 31, 2012, the Court sentenced defendant as follows:

> Now, with respect to that [count one] I'm going to commit Mr. Amaukwu to the custody of the Attorney General for a period of 18 months to be followed by five years of supervised release. And with respect to count two, I'm going to sentence Mr. Amaukwu to 12 months of supervised release to run consecutively. There is a special assessment - - and one year of supervised release which will be concurrent. Now, that's a modification of a mandatory two years that should run consecutively.

Sentencing Tr. at 20. The Judgment, filed on August 9, 2012, states that defendant is "to be imprisoned for a total term of: eighteen (18) months on count 1) and twelve (12) months on count (2). The sentences are to run consecutively, for a total term of thirty (30) months." Dkt. No. 93, at 2.

On December 7, 2012, defendant moved to reduce his sentence pursuant to Federal Rule of Criminal Procedure 36, arguing that he is "[c]orrecting a clerical error in the judgment of sentence." Declaration & Memorandum of Law in Support of Motion

1

("Def.'s Mem.") (Dkt. No. 97). The government filed its opposition on December 21, 2012. Letter from Winston M. Paes ("Gov't's Opp'n") (Dkt. No. 100).

Under Rule 36, "the court may at any time correct a clerical error in a judgment." "Where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment[,] the oral pronouncement, as correctly reported, must control." United States v. Carr, 557 F.3d 93, 109 (2d Cir. 2009) (quotations and citations omitted). Defendant argues that the Judgment, which lists his sentence for Count Two as twelve months in prison, should be corrected to reflect the transcript, which sentences him to "12 months of supervised release to run consecutively." Def.'s Mem. ¶¶ 8-15; Sentencing Tr. at 20. The government responds that defendant cannot bring his motion under Rule 36 because there is no clerical error in the Judgment. Gov't's Opp'n at 3-5. Rather, the government argues that the Court misspoke, stating supervised release when it meant to say prison, because the Court adds "one year of supervised release which will be concurrent" in the next sentence. Id. (quoting Sentencing Tr. at 20).

Rule 36 notwithstanding, excepting the possibility of a transcription error, the sentence defendant relies on, "I'm going to sentence Mr. Amaukwu to 12 months of supervised release to run consecutively," is clearly a lapsus linguae for three reasons:

(1) A sentence of supervised release, simpliciter, is a legal nullity. A term of supervised release can only be imposed to begin after imprisonment. 18 U.S.C. § 3583(a).

(2) "[A] court shall not place on probation any person convicted of a violation of [18 U.S.C. § 1028A]." 18 U.S.C. § 1028A(b)(1).

(3) A term of supervised release, if properly imposed, cannot be directed to run consecutively. 18 U.S.C. § 3624(e); see also 18 U.S.C. § 3564(b) (discussing probation).

It must also be noted that when defendant pleaded guilty, he was asked during the allocution whether he was advised by his attorney that a violation of Count Two carried with it a mandatory sentence of two years required to run consecutively to the sentence imposed in Count One, and that a term of supervised release of one year may be added to that sentence. To both he answered, "Yes, your Honor." Pleading Tr. at 14.

Assuming that defendant could have raised his claims on appeal or pursuant to Rule 35, they are both time-barred. See Fed. R. Crim. P. 35(a) (permitting a court to correct or reduce a sentence resulting from "clear error" "[w]ithin 14 days after sentencing"); Fed. R. App. P. 4(b)(1)(A) ("[A] defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . ."). Accordingly, defendant's motion is hereby DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 28, 2012

/s/ ILG
I. Leo Glasser
Senior United States District Judge