UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

CHRISTIAN AMAUKWU,

                Defendant.
------------------------------------------------x

MEMORANDUM AND ORDER
10 CR 701 (ILG)

GLASSER, United States District Judge:

An earlier Memorandum and Order (M&O), Dkt. #101, familiarity with which is assumed, was issued on December 28, 2012 prior to the receipt of the defendant's Reply submitted as required by a scheduling order. After receiving the aforementioned M&O, the defendant, noting its premature issuance, requested the Court to reconsider it in a letter dated January 3, 2013, Dkt. #103. What follows is the reconsideration requested.

As was noted in the first M&O, the defendant pleaded guilty to an indictment which charged him in Count One with conspiracy to commit wire fraud and in Count Two with aggravated identity theft. The latter crime was punishable by a mandatory minimum sentence of imprisonment for two years to be imposed consecutively to any other sentence simultaneously imposed. The sentence on the conspiracy count advised by the United States Guidelines was 78 to 97 months to which was required to be added the mandatory 24 months for aggravated identity theft. In addition, the defendant was required by statute to make restitution to the victims of his conspiracy offense in the amount of $1,741,822.38. The Court downwardly departed considerably in sentencing this defendant on July 31, 2012, as reflected in the transcript of the sentencing proceeding as follows:

> Now, with respect to that [count one] I'm going to commit
> Mr. Amaukwu to the custody of the Attorney General for a
> period of 18 months to be followed by five years of
> supervised release. And with respect to count two, I'm going
> to sentence Mr. Amaukwu to 12 months of supervised release
> to run consecutively. There is a special assessment - - and
> one year of supervised release which will be concurrent.
> Now, that's a modification of a mandatory two years that
> should run consecutively.

The Judgment entered on July 9, 2012, Dkt. #93, correctly read that the defendant was "to be imprisoned for a total term of eighteen (18) months on Count (1) and twelve months on Count (2). The sentences are to run consecutively for a total term of thirty (30) months."

Relying on the general rule that given a conflict between the unambiguous oral pronouncement and the written judgment and commitment, the oral pronouncement prevails. Amaukwu moved this Court for a further reduction of his sentence, from 30 to 18 months. He also buttresses his claim for the reduction by an extended discussion of Fed. R. Cr. P. 36 in both his initial motion and his motion for reconsideration. He references many cases which recite the principle that Rule 36 authorizes a Court to correct only clerical errors in transcribing a judgment of the sort a clerk or an amanuensis might make. An amanuensis is "one employed to write from dictation." United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996).

I summarily denied his motion in my first M&O as being plainly a lapsus linguae, that I was driven to conclude for three reasons: 1) A sentence of supervised release not preceded by a sentence of imprisonment is a brutum fulmen, an inert thunder, a legal nullity. A term of supervised release can only be imposed after imprisonment as 18

U.S.C. § 3583(a) makes explicitly clear; 2) supervised release and probation being virtually synonymous in all respects, a person convicted of aggravated identity theft, requiring a mandatory consecutive term of imprisonment for two years, is precluded from being placed on probation by the express terms of 18 U.S.C. § 1038A(b)(1); and 3) terms of supervised release cannot be directed to run consecutively. 18 U.S.C. § 3624(e) see also 18 U.S.C. § 3564(b).

An examination of the docket sheet reveals that on July 31, 2012, the day the sentence was imposed, the Minute Entry in Docket No. 92 reads in relevant part: "Count(s) 1s, Deft receives 18 mos. IMPRISONMENT, followed by 5 yrs. SUPERVISED RELEASE (terms to run concurrently on counts 1 and 2). TOTAL SPECIAL ASSESSMENT: $200 ($100 per Count). RESTITUTION in the amount of $1,741,822.38, joint and several w/co-defts. Count(s) 2s, Deft receives 12 mos. IMPRISONMENT-terms to run consecutively to terms imposed on count 1 for a total term of 30 mos., followed by 1 yr. SUPERVISED RELEASE." (emphasis mine).

Rule 36 permits a Court to at any time "correct a clerical error in a . . . part of the record . . . ." The case cited most often in support of that determination is United States v. Werber, 51 F.3d 342, 347 n.13 (2d Cir. 1995). Following a recognition of the rule favoring the oral sentence over the written one and a brief consideration of Rule 36, the Court noted:

> That is not to say, however, that a court cannot correct an error in the oral sentence itself, where the error appears clearly and unambiguously on the face of the record and is nothing more than a slip of the tongue.

3

That observation is exquisitely applicable here. See also United States v. Jackson, 111 F.3d 124 (2d Cir. 1997); United States v. Jiminez, 1999 WL 1125112 (S.D.N.Y. 1999).

I am aware of the advisability against making a fortress out of the dictionary, Cabell v. Markham, 148 F.2d 737, 739 (2d Cir. 1945) (Hand, L.), aff'd. 326 U.S. 404 (1945), but on the facts of this case, resort to the dictionary is particularly appropriate. Webster's Third International Dictionary defines "ambiguity" as "uncertainty of meaning in relation to something." In relation to sentencing, imposing a term of supervised release simpliciter, not preceded by a term of imprisonment is more than uncertain of meaning, it is a legal nullity 18 U.S.C. § 3583(a). The OED online defines "ambiguous" as "admitting of more than one explanation;" "doubtful." The ambiguity of the recorded imposition of sentence thus appears clearly on its face and is "nothing more than a slip of the tongue." To decide otherwise on this record would require a judge to obtain and read the transcript of every sentencing proceeding to assure that he didn't misspeak before signing a judgment and commitment order. That a judge may depart from even the clearest statute or rule when to apply it would produce an absurd result has long been recognized. See Manning, The Absurdity Doctrine, 116 Harv. L. Rev. 2387 (2003). Giving the written judgment precedence over the oral declaration in this case would clearly produce an absurd result for the three reasons stated in my first M&O.

The Court misspoke, the denial of his motion to reduce his sentence for the reasons stated in the first M&O is reaffirmed and his motion for reconsideration is denied.

It is interesting to contemplate the consequences of a remand for resentencing that would require "further proceedings to be held as may be just under the

4

circumstances," if the oral sentence were to prevail. 28 U.S.C. § 2106. The resentence required could only be to ignore the legally impossible "12 months of supervised release to run consecutively" leaving a sentence of 18 months which, in the language of current guideline sentencing jurisprudence, would on the facts of this case, be "unreasonable" and give Mr. Amaukwu an undeserved windfall. A result that would not be just under the circumstances.

In <u>United States v. Weathers</u>, 631 F.3d 560, 561-62 (D.C. Cir. 2011), the court wondered why the court's oral pronouncement takes precedence over its written judgment if the concern for accuracy was the rationale for the Rule. It wrote: "It is commonly understood that the written word is usually more precise than the spoken word. The writer can be more deliberate and careful in his choice of language, he can edit his writing before publishing it and he may have more time to formulate what he wishes to convey." The court then proceeded to contemplate possible theories supporting the Rule, for example: (1) effectuating the written judgment might be sentencing defendant *in absentia*; (2) the oral sentence is the actual judgment of the court and the written judgment merely evidence of it (interior citations omitted.) The latter theory is then regarded as unpersuasive, citing Rule 32(k) Fed. R. Cr. P. and Fed. R. App. P. 4(b)(1)(A). <u>See also</u> <u>United States v. Cephus</u>, 684 F.3d 703, 709-10 (7th Cir. 2012). The discussion in <u>Weathers</u> recalls the observation of Justice Holmes dissenting in <u>Hyde v. United States</u>, 225 U.S. 347 at 391 (1912): "It is one of the misfortunes of the law that ideas become encysted in phrases and thereafter for a long time cease to provoke further analysis."

In the light of this motion, the Court feels constrained to add that when the

defendant pleaded guilty he acknowledged being advised and understood that the crime of aggravated identity theft charged in Count Two carried with it a mandatory sentence of two years required to run consecutively to Count One and that a one year term of supervised release may be added to the sentence. Tr. at 14.

For all of the foregoing reasons, the motion for reconsideration is Denied.

SO ORDERED.

Dated:    Brooklyn, New York
          January 23, 2013

I. Leo Glasser